UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES A. MURRAY and SHAWNEEN
MURRAY,

             Plaintiffs,                      CIVIL ACTION NO. 06-14246

             v.                            DISTRICT JUDGE NANCY G. EDMUNDS

FIFTH THIRD BANK and FIFTH          MAGISTRATE JUDGE VIRGINIA M. MORGAN
THIRD MORTGAGE-MI, LLC,

             Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

      This is a *pro se* action in which plaintiffs, James A. Murray and Shawneen Murray, seek to set aside the foreclosure sale of certain real property and to rescind a mortgage executed to defendants Fifth Third Bank and Fifth Third Mortgage-MI, LLC.  The matter comes before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  By order dated November 16, 2006, the district judge referred the motion to this court for Report and Recommendation.  The court issued a Notice of Hearing and an Amended Notice of Hearing setting a motion response date of December 18, 2006, and a hearing date of January 10, 2007.  Plaintiffs did not file a response, nor did they appear for oral argument.  Counsel for defendants was present at oral argument.  For the reasons stated below, the court recommends that

defendants' motion be **GRANTED** and that plaintiffs' complaint be **DISMISSED WITH PREJUDICE**.

## II.  Background

On March 26, 2004, Fifth Third Mortgage extended a loan to plaintiffs, who, in return, executed an adjustable rate promissory note to Fifth Third Mortgage secured by a mortgage on 15614 La Salle Blvd., Detroit, MI 48328.  The mortgage, which contained a power of sale, was recorded in the Office of the Register of Deeds, Wayne County, MI.  Plaintiffs subsequently defaulted on the loan.  Fifth Third Mortgage foreclosed on the mortgage and, on February 8, 2006, the property was sold at a sheriff's sale.

On or about September 9, 2006, plaintiffs filed an action in the Wayne County Circuit Court seeking to have the sheriff's sale set aside and to have the mortgage rescinded.  They alleged that the sale should be set aside because defendants never acquired a valid interest in the property and that the mortgage should be rescinded because defendants committed unspecified violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et. seq*.  Defendants removed the case to federal court on September 26, 2006, based upon the TILA allegations.

## III.  Discussion

Defendants seek dismissal of plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted.  A motion to dismiss under Rule 12(b)(6) tests whether, "as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).  The court must construe the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's

factual allegations as true.  Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998).  However, the court "need not...accept as true legal conclusions or unwarranted factual inferences." Kottmyer v. Mass, 436 F.3d 684, 688 (6th Cir. 2006).  In decided a motion brought under Rule 12(b)(6), the court will primarily consider the allegations of the complaint.  Kostrzewa v. City of Troy, 247 F.3d 633, 643 (6th Cir. 2004).  However, exhibits attached to the complaint are deemed part of the complaint and thus may be considered in ruling upon the motion.  Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001).  Dismissal under Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Bloch, 156 F.3d at 677.

The documents attached to the complaint show that plaintiffs obtained a loan from defendants secured by a mortgage on the subject premises, that the mortgage contained a power of sale, and that defendants validly executed the power of sale when plaintiffs defaulted on the loan.  These documents clearly refute plaintiffs' allegation that defendants did not have an interest in the property.  "It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." Northern Indiana Gun & Outdoor v. City of South Bend, 163 F.3d 449, 454 (7th Cir. 1998).  Such is the case here.  The complaint contains no allegations that the note and mortgage were procured in such a manner as to render them void from inception, such as by duress.  Rather, plaintiffs simply allege, in wholly conclusory fashion, that defendants had no interest in the subject premises.  Again, the documents attached to the complaint clearly refute this allegation.  The court finds these documents to be controlling over plaintiffs' unsupported allegations and

conclusive upon the question of whether defendants acquired an interest in the property upon the execution of the note and mortgage.

To the extent plaintiffs claim that the alleged TILA violations prevented defendants from obtaining or perfecting a security interest in the property, the argument is wholly without merit. The court is aware of no authority providing that an otherwise validly executed promissory note and mortgage are rendered null and void by a failure to make disclosures required by TILA. A violation of TILA may, under certain circumstances, be remedied by rescission of the contract, 15 U.S.C. § 1635, but the violation does not render the contract void. See, e.g., Bertram v. Beneficial Consumer Discount Co., 286 F.Supp.2d 453, 459 (M.D.Pa. 2003)("TILA's rescission provisions render a contract voidable, not void.). Thus, even if defendants violated TILA, such violations had no effect upon defendants' interest in the property. In sum, plaintiffs have failed to plead any plausible basis for setting aside the sheriff's sale.

Further, plaintiffs have failed to state a claim for rescission of the mortgage under TILA. Section 125(e)(1) of TILA, 15 U.S.C. § 1635(e)(1), provides that the Act's rescission provision does not apply to "a residential mortgage transaction," which is defined in 15 U.S.C. § 1602(w) as follows:

> The term "residential mortgage transaction" means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.

-4-

See, e.g., Betancourt v. Countrywide Home Loans, Inc., 344 F.Supp.2d 1253, 1260 (D.Colo. 2004)("[T]here is no statutory right of rescission under [15 U.S.C. § 1635(e)] where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside.").  It appears from the allegations of the complaint and the documents attached thereto that plaintiffs obtained the loan from defendants to purchase the subject premises for use as their primary residence and that they did, in fact, use the premises as their primary residence.  Thus, even if defendants violated TILA, plaintiffs would have no right of rescission.  Moreover, even if the transaction at issue was something other than a "residential mortgage transaction" and was subject to rescission under § 1635(e), plaintiffs' right of rescission expired upon the sale of the property.  See 15 U.S.C. § 1635(f)("An obligor's right of rescission shall expire upon three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]"); see also 12 C.F.R. § 226.23(a)(3). Accordingly, plaintiffs either had no right of rescission, or, if they did, that right expired upon the sale of the property.  Either way, plaintiffs have failed to state an actionable claim for rescission of the mortgage under TILA.

**IV.  Conclusion**

For the reasons stated above, the court recommends that defendants' motion to dismiss be **GRANTED** and that plaintiffs' complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

     Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan       <br/>
VIRGINIA M. MORGAN

Dated: February 8, 2007                   UNITED STATES MAGISTRATE JUDGE

---

<strong><u>PROOF OF SERVICE</u></strong>

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's
ECF System and/or U. S. Mail on February 8, 2007.

s/Jane Johnson<br/>
Case Manager to<br/>
Magistrate Judge Virginia M. Morgan